FILED
2019 SEP 17 AM 11:32
CLERK U.S. DISTRICT
CENTRAL DIST. OF CA
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSHUA PEARSON,<br><br>　　　　Defendant. | CR No. <br>I N F O R M A T I O N<br><br>[42 U.S.C. § 1320a-7b(b)(1)(B):<br>Illegal Remunerations; 18 U.S.C.<br>§ 982 and 28 U.S.C. § 2461(c):<br>Criminal Forfeiture] |

The United States Attorney charges:

[42 U.S.C. § 1320a-7b(b)(1)(B)]

I.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

　A.　Relevant Individuals and Entities

　1.　Dr. N. Vahedi Pharmacy, Inc., doing business as Fusion Rx Compounding Pharmacy ("Fusion Rx"), was a pharmacy located at 2001 Westwood Boulevard, Suite A, Los Angeles, California 90025, within the Central District of California.  Fusion Rx operated primarily as a multi-state mail order pharmacy and derived the vast majority of its revenue from filling and refilling, by mail, prescriptions for compounded medications.

2.  Navid Vahedi ("Vahedi") was a resident of Los Angeles, California, within the Central District of California, who owned and operated Fusion Rx since its formation in or about February 2009.

3.  Joseph S. Kieffer ("Kieffer"), a resident of Los Angeles, California, owned and operated a business using the name "Sheridan Medical," which was formed in California in or about 2011.  Sheridan Medical served as an intermediary between Fusion Rx and individuals referred to as "marketers."  Kieffer, through Sheridan Medical, would pay "marketers" to generate and steer prescriptions for compounded drugs to Fusion Rx.  Vahedi, through Fusion Rx, would reimburse Kieffer, through Sheridan Medical, for these referral payments.

4.  PHIRX LLC ("PHIRX") was a Utah corporation formed on or about May 15, 2014, to "market" compounded drugs to physicians.  Defendant JOSHUA PEARSON owned and operated PHIRX, which generated and steered prescriptions for compounded drugs to Fusion Rx, in exchange for payments from Kieffer, paid through Sheridan Medical.

B.  Compounded Drugs

5.  "Compounding" was a practice in which a licensed pharmacist or a licensed physician combined, mixed, or altered ingredients of a drug or multiple drugs to create a drug tailored to the needs of an individual patient.  Compounded drugs were not approved by the United States Food and Drug Administration ("FDA"), that is, the FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs and such formulations were not "FDA-approved."

6.  Compounded drugs were prescribed by a physician generally when an FDA-approved drug did not meet the health needs of a particular patient.  For example, if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or a

preservative, a compounded drug could be prepared excluding the substance that triggered the allergic reaction. Compounded drugs would also be prescribed when a patient could not consume a medication by traditional means, such as an elderly patient or a child who could not swallow an FDA-approved pill and needed the drug in a liquid form that was not otherwise available. Because compounded medications were intended to be tailored to the needs of specific patients, the reimbursement rates for compounded medications were often higher than those of FDA-approved medications.

    C.    TRICARE

    7.    TRICARE was a Federal health care program, as defined by 42 U.S.C. § 1302a-7b(f)(1), that provided health care benefits, items, and services to Department of Defense beneficiaries worldwide, including active duty service members, National Guard and Reserve members, retirees, their families, and survivors.

    8.    TRICARE provided health care benefits for certain prescription drugs, including certain compounded drugs, that were medically necessary and prescribed pursuant to TRICARE rules and regulations.

    D.    Medicare

    9.    Medicare provided benefits to individuals who were 65 years and older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services, a federal agency under the United States Department of Health and Human Services. Medicare was a Federal health care program, as defined by 42 U.S.C. § 1302a-7b(f)(1).

    10.    To participate in Medicare, providers, including pharmacies, were required to submit applications in which the

3

providers agreed to comply with all Medicare-related laws and regulations, including the federal anti-kickback statute (42 U.S.C. § 1320a-7b(b)) (the "Anti-Kickback Statute"), which proscribes the offering, payment, solicitation, or receipt of any remuneration in exchange for a patient referral or referral of other business for which payment may be made by any federal health care program. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number," which was used for processing and paying claims.

11. Medicare reimbursed providers for certain compounded drugs that were medically necessary to the treatment of a beneficiary's illness or injury, were prescribed by a beneficiary's physician or a qualified physician's assistant acting under the supervision of a physician, and were provided in accordance with Medicare regulations and guidelines that governed whether a particular service or product would be reimbursed by Medicare.

II. UNLAWFUL REMUNERATION

12. On or about February 10, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant PEARSON knowingly and willfully solicited and received remuneration, that is, check number 2162 in the amount of $712,395.44 drawn on Sheridan Medical's First Bank account ending in 6385, in return for defendant PEARSON, through PHIRX, arranging for and recommending the purchase and order of compounded drug prescriptions dispensed at Fusion Rx, a good, service, and item for which payment may be made in whole and in part under a Federal health care program, specifically including TRICARE and Medicare.

4

## FORFEITURE ALLEGATION

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

13. Pursuant to Rule 32.2(a), Fed. R. Crim. P., notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), in the event of the defendant PEARSON's conviction of the offense set forth in this Information.

14. If so convicted, defendant PEARSON shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of any offense of conviction; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

15. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b), defendant PEARSON, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as a result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ASHWIN JANAKIRAM
ALEXANDER B. SCHWAB
Assistant United States Attorneys
Major Frauds Section